**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GREG PINKARD,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHAD JENNINGS, D. PHIL MARTIN, and AMANDA HOSEY,**<br><br>**Defendants.** | **Case No. 25-cv-000077-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Greg Pinkard, an inmate of the Illinois Department of Corrections (IDOC), initiated this action pursuant to 42 U.S.C. § 1983 for violations his constitutional rights. (Doc. 1). Plaintiff claims that Defendants acted with deliberate indifference to a serious medical need when he was denied timely medical care after he dislocated his shoulder.

Pending before the Court is a Motion for Summary Judgment filed by Defendant Amanda Hosey. (Doc. 44). Plaintiff filed a response in opposition to the motion. (Doc. 49). Now that this matter has been fully briefed, and for the reasons set forth below, the Motion is denied.

## RELEVANT FACTS

In the Complaint, Plaintiff alleges that while at Robinson Correctional Center, in July 2023, he injured his wrist and dislocated his right shoulder. (Doc. 1, p. 19). Plaintiff asserts that after submitting several sick call requests he was eventually seen by Defendant Nurse Amanda Hosey on September 7, 2023, for his injuries. According to Plaintiff, Hosey recorded in his medical records that his shoulder appeared to be out of alignment, but she did not order x-rays, issue him a sling, or refer him to the emergency room for further treatment. Plaintiff asserts that Hosey sent

him back to his housing unit with only over-the-counter ibuprofen and Tylenol. Plaintiff continued to experience pain, and so, he sent additional sick call requests seeking medical care. (*Id.*). Plaintiff states he was again treated by Hosey on September 26, 2023. (*Id.* at p. 20). According to Plaintiff, following this appointment, x-rays were taken, and the results showed that his shoulder was dislocated. He was issued a sling, prescribed Tramadol, and referred to an orthopedic doctor. (*Id.*). Plaintiff asserts that he was eventually seen by an orthopedic surgeon who told him that because of the delay in receiving treatment, Plaintiff would have to undergo full shoulder replacement surgery. (*Id.* at p. 15, 20). As of filing the Complaint on January 17, 2025, it appears Plaintiff still has not received surgery. (*Id.* at p. 22).

Following a merit review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff is currently proceeding on the following claims:

**Count 1:** Eighth Amendment claim against Amanda Hosey for deliberate indifference to Plaintiff's medical needs.

**Count 2:** Eighth Amendment deliberate indifference claim against Chad Jennings and Phil Martin for failing to intervene to ensure that Plaintiff would be given adequate medical treatment at Robinson.

(Doc. 15).

On December 30, 2025, Defendant Hosey filed a motion for summary judgment seeking dismissal of the Eighth Amendment claim against her based on Plaintiff's failure to exhaust his administrative remedies prior to initiating this lawsuit, as is required by the Prison Litigation Reform Act, 42 U.S.C. §1997(e). (Doc. 44). Plaintiff filed a response in opposition. (Doc. 49).

## Legal Standards

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the

existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008);[1] *Roberts v. Neal,* 745 F. 3d 232, 236 (7th Cir. 2014). Where there is no disputed issue of fact, a hearing is not necessary.

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F. 3d 1022, 1025 (7th Cir. 2002). Furthermore, exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

As an inmate in the custody of IDOC, Plaintiff was required to follow the grievance

[1] The Court's ability to conduct *Pavey* hearings for evidentiary disputes on exhaustion was altered slightly by the Supreme Court's holding in *Perttu v. Richards*, 605 U.S. 460 (2025) (holding that if a factual dispute on exhaustion is intertwined with a factual dispute that goes to the merits of the underlying substantive claim, then a jury trial is required on the intertwined issue(s)). In the present case, there is no *Perttu* intertwinement issue.

procedure laid out in the Illinois Administrative Code ("grievance procedures"). 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures direct an inmate to first file a grievance with the Counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> [C]ontain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are sent to a Grievance Officer, and then to the Chief Administrative Officer. *See* 20 ILL. ADMIN. CODE §§ 504.820(a), 504.830. The Chief Administrative Officer reviews the findings and recommendation of the Grievance Officer and issues a written decision to the inmate. 20 ILL. ADMIN. CODE §504.830(e). If the inmate is not satisfied with the response, he can file an appeal with the Administrative Review Board (ARB). *See* 20 ILL. ADMIN. CODE § 504.850(a). Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo*, 286 F.3d at 1023–24.

## ANALYSIS

Defendant Hosey argues that Plaintiff failed to exhaust his Eighth Amendment claim against her because the grievances he filed relating to the medical care he received for his shoulder failed to name or otherwise identify her. (Doc. 44, p. 6-7). She states that the PLRA mandates strict compliance with a facility's procedures, and in Plaintiff's case, the grievance procedures specifically require an inmate to provide "the name of each person who is subject to the complaint," or at least, "as much descriptive information about the individual as possible." (*Id.* at p. 6) (quoting 20 ILL. ADMIN. CODE §504.810(c)). Because Plaintiff's grievances do not mention Hosey or describe the care she failed to provide, Hosey contends that the "grievances are therefore

inapplicable to the allegations before the Court, and Plaintiff's administrative remedies…have not been exhausted." (*Id.* at p. 7). In support of her argument, Hosey cites to and discusses a single grievance, Emergency Grievance 23-1696E. (*Id.* at p. 2-8; Doc. 44-1).

Plaintiff responds that Hosey's request for summary judgment is "based entirely on a narrow and overly technical exhaustion argument." (Doc. 49, p. 3). He states he filed "multiple grievances" concerning delayed medical treatment for his shoulder injury that were properly submitted and appealed. (*Id.* at p. 2-3). He argues these grievances provided sufficient information for prison officials to address his problem, including details regarding his prolonged pain, delayed diagnosis, and worsening injury resulting from lack of timely care. (*Id.* at p. 3). Plaintiff points to an ARB decision to Grievance #K42-724-1452E, dated November 22, 2024, in support of his argument. (Doc. 49-1, p. 3). He states that this ARB decision demonstrates that he submitted a grievance concerning delayed and inadequate medical treatment for his shoulder, he received institutional responses and properly appealed the grievance to the ARB, the ARB issued a written decision. Based on ARB decision to Grievance #K42-724-1452E and others, not specified, he argues he exhausted his administrative remedies as to his claim against Hosey as required by the PLRA. (*Id.* at p. 1-2).

Here, Hosey has failed to meet her burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. Even if the Court were to agree with Hosey that Emergency Grievance #23-1696E did not contain the level of detail required to comply with the grievance procedures, Hosey has not shown that there is a genuine issue of fact as to the other relevant grievances. The parties are in agreement that, in addition to Emergency Grievance #23-1696E, Plaintiff filed other grievances "related to medical care he received for his shoulder" that were fully exhausted in compliance with the grievance procedures. (Doc. 44, p. 6-7; Doc. 49, p. 2-3). Hosey argues that

these other grievances cannot serve to exhaust Plaintiff's claim because they too do not sufficiently describe her in compliance with Section 504.810 of the Illinois Administrative Code, (Doc. 44, p. 6-7), but she has not submitted any evidence or cited to the record to support this assertion. Pursuant to Local Rule 56.1, the Court disregards any "asserted fact that is not supported with a citation to the record." LR-SDIL 56.1(g). In his response, other than filing an ARB decision, Plaintiff also fails to provide or cite to an actual grievance on the record to demonstrate that the content of his grievances contain sufficient information regarding his claim against Hosey. Plaintiff, however, "does not have to rebut factual propositions on which the movant bears the burden of proof and that the movant has not properly supported in the first instance." *Johnson v. Hix Wrecker Serv., Inc.,* 651 F.3d 658, 652 (7th Cir. 2011). "Exhaustion is an affirmative defense, and the burden of proof is on the defendants." *Dole,* 438 F.3d at 809. Because Hosey affirms that Plaintiff filed grievances in full compliance with the grievance procedures, which related to the denial and delay of medical care for his shoulder, but has not provided any evidence that these grievances failed to identify her in compliance with the PLRA and the grievance procedures, the motion for summary judgment is denied, and no hearing is needed. *See Springer v. Durflinger,* 518 F.3d 479, 484 (7th Cir. 2008) (summary judgment is the time in the lawsuit "when a party must show what evidence it has that would convince a trier of fact to accept its version of the events") (citations omitted).

## DISPOSITION

For the reasons provided, the Motion for Summary Judgment filed by Defendant Amanda Hosey is **DENIED**. (Doc. 44).

As Defendants Jennings and Martin have not raised failure to exhaust as an affirmative defense (*see* Doc. 37), the stay on merits discovery is **LIFTED**. The parties can proceed with

discovery on the merits. A new scheduling order will be entered by separate order.

**IT IS SO ORDERED.**

**DATED: September 9, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**